**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

SUSAN MELLEN, JULIE CARROLL, JESSICA CURCIO AND DONALD BESCH,

*Plaintiffs,*

v.

CITY OF LOS ANGELES; MARCELLA WINN; RICHARD HOFFMAN; AND DOES 1-10 INCLUSIVE,

*Defendants.*

CASE NO.: CV15-03006 GW (AJWx)
*Hon. George H. Wu, Ctrm. 10*
*Mag. Andrew J. Wistrich, Ctrm. 690, Roybal*

**PROTECTIVE ORDER REGARDING DISCLOSURE OF CONFIDENTIAL INFORMATION**

Whereas counsel for the parties have discussed the mutual exchange of documents in this litigation, Defendants, through their counsel of record, have agreed to produce certain confidential information in this litigation, and therefore, the parties have stipulated to the following terms and conditions, the Court hereby orders as follows:

1. In accordance with the above-referenced agreement, the City of Los Angeles has agreed to release the following information following the issuance of a protective order in this matter:

**(a) A supplemental response to Plaintiff Curcio's Interrogatories, Set No. 1, which includes the last known address for retired LAPD Detective Richard Hoffman.**

**(b) The information to be disclosed will be accessible by only Plaintiffs' counsel, their staff and process server. Further, in the event Plaintiff is able to locate the retired employee, any proof of service which is filed and which contains any protected information will be sealed by way of this Stipulation and Protective Order to be issued by the Court.**

## GOOD CAUSE STATEMENT

2. The Los Angeles Police Department has possession, custody and control of the personnel file of retired LAPD Detective Richard Hoffman.

3. Thus far, the City has been unable to obtain authorization from the former employee, Richard Hoffman, to accept service of the Plaintiff's First Amended Complaint and Summons.

4. The personnel file of retired LAPD Detective Richard Hoffman contains his last known address, social security number and date of birth. The City and LAPD maintain that this information is confidential in nature and not subject to disclosure through the normal course of discovery in a civil or criminal action.

5. The Department strives to maintain the confidentiality of an officer's address and location, in recognition of the protections granted pursuant to Penal Code § § 832.5, 832.7, and 832.8 and 1040 et al. of the California Evidence Code.

6. The federal courts have recognized the strong interest in protecting the dissemination of an officer's personal information through a protective order. *Soto v. City of Concord*, 162 F.R.D. 603, 613 (N.D. Cal. 1995).

## TERMS OF THE PROTECTIVE ORDER

7. If the Protective Order is issued, Defendants will produce the last known address of Defendant Hoffman and the supplemental discovery response will be marked in one of the following ways: "Confidential," "Confidential Documents," "Confidential

Material," "Subject to Protective Order" or words of similar effect. Documents, writings, or other tangible items, so designated, and all information derived therefrom (hereinafter, collectively referred to as "Confidential Information"), shall be treated in accordance with the terms of this stipulation and protective order.

8. Confidential Information may be used by the persons receiving such information only for the purpose of attempting to locate and serve the retired employee with the Complaint and Summons.

9. Subject to the further conditions imposed by this stipulation, Confidential Information may be disclosed only to the following persons:

(a) Counsel for the Plaintiff, his process server and investigator.

10. Any proof of service which is filed and which contains any protected information will be sealed by way of this Stipulation and Protective Order to be issued by the Court.

11. Upon the final termination of this litigation in either the United States District Court (Central District of California), the Ninth Circuit Court of Appeals or Los Angeles County Superior Court, all Confidential Information and all copies thereof shall be returned to the Los Angeles City Attorney's Office within fourteen (14) calendar days along with written confirmation from Plaintiff's counsel that all materials are being returned pursuant to the terms of this Stipulation and the District Court's order on this Stipulation.

12. If Plaintiff's counsel receives a subpoena or other request seeking Mr. Hoffman's last known address, identified herein, he or she shall immediately give written notice to the Defendants' counsel, identifying the Confidential Information sought and the time in which production or other disclosure is required, and shall object to the request or subpoena on the grounds of this stipulation so as to afford the Defendants an opportunity to obtain an order barring production or other disclosure, or to otherwise respond to the subpoena or other request for production or disclosure of Confidential Material. Other than objecting on the grounds of this stipulation, no party shall be obligated to seek an

order barring production of Confidential Information, which obligation shall be borne by the Defendants. However, in no event should production or disclosure be made without written approval by the Defendants' counsel unless required by court order arising from a motion to compel production or disclosure of Confidential Information.

13. Any pleadings, motions, briefs, declarations, stipulations, exhibits or other written submissions to the Court in this litigation which contain Mr. Hoffman's last known address shall be **submitted with an application that the document be filed and maintained under seal either pursuant to Ex Parte Application and Order of the Court or Stipulation of the parties and Order of the Court. (Local Rule 79-5, et seq.). Good cause for the under seal filing must be shown.** If a document or pleading submitted to the Court, as described in this paragraph, makes only a general reference to any document or information contained therein covered by this protective order, but does not quote or describe its contents in any specific way, and does not include the protected document itself, then the party or parties need not enter into a Stipulation or otherwise seek an order to file the documents under seal. **In entering into a Stipulation for the filing of Confidential Information under seal, neither one of the parties waives its right to object to the admissibility of said information in connection with that proceeding or to move to exclude said information prior to or during the time of trial.**

14. The parties agree that the spirit of confidentiality as protected in this order will apply to all proceedings. To that end, before any protected document or any information derived therefrom is to be put forward, admitted into evidence, discussed in detail or otherwise publicized in Court, the party raising the protected document will inform the other parties and allow for a motion to the Court to close the proceedings to the public.

15. Nothing herein shall prejudice any party's rights to object to the introduction of any Confidential Information into evidence, on grounds including but not limited to relevance and privilege.

16. During the course of depositions, counsel agrees not to question Mr. Hoffman regarding his last known address as provided by the City of Los Angeles, which is the subject of this Stipulation and protective order. Counsel does not waive the right to ask him questions about any and all other topics. Counsel and the parties reserve the right to object to the disclosure of confidential or private information which is not the subject of this Stipulation and protective order. Any documents deemed confidential pursuant to this protective order will be sealed, if they are used as exhibits in any deposition. This agreement does not waive any objections counsel may make, including objections unrelated to the reasons for this protective order.

17. Each person receiving or reviewing Confidential Information must consent to the jurisdiction of the United States District Court for the Central District of California, including the Magistrate Judge assigned to this case, with respect to any proceeding relating to enforcement of this Order, including, without limitation, any proceeding for contempt and/or monetary sanctions.

18. This Stipulation may be signed in sub-parts and may be transmitted by facsimile as if it was the original document. Defendants will lodge this executed Stipulation with the Court for approval.

**IT IS SO ORDERED.**

DATED: 8/5/2015

**HONORABLE ANDREW J. WISTRICH**
**UNITED STATES MAGISTRATE JUDGE**