UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| SUSAN MELLEN, et al,<br><br>    Plaintiffs,<br><br>    v.<br><br>CITY OF LOS ANGELES, Marcella Winn, Richard Hoffman and DOES 1-10 Inclusive,<br><br>    Defendants. | CASE NO.: CV15-03006 GW (AJWx)<br><br>**PROTECTIVE ORDER** |

    1.    In connection with informal or formal disclosure of documents and other materials in this action (including but not limited to those specified in Fed.R.Civ.P. 26(a)(1)(A)(ii) and 34(a)(1)(A) and (B)), and, in connection with discovery proceedings in this action, the parties may designate any document, thing, material, testimony, or other information derived therefrom, as "Confidential" under the terms of this Stipulated Protective Order (hereinafter "Order"). Confidential information is information which has not been made public, and which contains private, personal, proprietary, or otherwise sensitive information, the disclosure of which may have the effect of causing harm to the parties or other entities or persons. By designating a document, thing, material,

testimony, or other information derived therefrom as "Confidential" under the terms of this Order, the party making the designation is certifying to the Court that there is a good-faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).  This protective order does not apply to documents that were already lawfully in the possession of the receiving party and not subject to any limitation on public disclosure prior to production by the designating party.

      2.      Under the terms of this Order, the party designating Confidential Information is certifying to the Court that there is a good faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(c).

      3.      Confidential documents shall be so designated by stamping copies of the document or material produced by a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multi-page document or any multi-volume material, shall designate all pages of the document and all volumes of the material as confidential, unless otherwise indicated by the producing party.

      4.      Testimony taken at a deposition may be designated as "Confidential" by making a statement to that effect on the record at that specific deposition and at the time the testimony is given.  Arrangements shall be made with the court reporter transcribing the deposition to separately bind such portions of the transcript containing information designated as "Confidential", and to label such portions appropriately.

      5.      Material designated as "Confidential" under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as Confidential (hereinafter "Confidential Material") shall be used solely for the purpose of

litigating this action, and for no other action or purpose. Working or file copies of Confidential Material shall be stored and/or handled in a manner which will prevent the unauthorized disclosure thereof.

6. Confidential Material produced in this action may be disclosed or made available to the following persons (hereinafter "Qualified Persons"):

   a. Each lawyer for a party in this action, including outside and in-house lawyers and other lawyers regularly employed in their offices, and such lawyers' staff to whom it is necessary that materials be disclosed for purposes of this litigation, including paralegals, assistants, law clerks, secretaries, and document clerks;

   b. Each party, partner, officer, director, agent, or employee of a party deemed necessary by counsel to work on this action;

   c. Independent experts or consultants retained by counsel for the purpose of assisting in this litigation, including their staff to whom it is necessary that materials be disclosed for purposes of this litigation, but only to the extent necessary for such expert or consultant to perform his or her assigned tasks in connection with this litigation;

   d. Any witness who has firsthand knowledge of the actions, events, or occurrences reflected in the Confidential Material in preparation for his or her deposition or testimony at trial or a hearing in this litigation;

   e. Mediators, arbitrators, or similar outside parties and their staffs enlisted jointly by all parties to assist in the resolution of this litigation;

   f. The Court and its personnel;

      g.    Court reporters and stenographers employed in this action;

      h.    Any other person as to whom the parties in writing agree prior to the time of disclosure to that person.

Each of these persons shall be provided with a copy of the protective order, if they do not already have it, and made aware of the confidentiality provisions therein, prior to their review of the confidential documents. If the person is an expert, agent, representative, witness, or consultant who is not a full or part-time employee of counsel for the Parties, they shall agree in writing to be bound by this Protective Order.

7.    This Order shall not impose any restrictions on the use of or disclosure by a party of Confidential Material lawfully obtained by such party independently of discovery in this action, and not subject to any limitation on disclosure whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate. The party that designates the material Confidential may also choose to remove that designation at any time by notifying opposing counsel in writing that it is removing that designation and specifying explicitly which materials will no longer be considered Confidential.

8.    Any party intending to file any material that constitutes or contains Confidential Material shall lodge that material with the court and file an application to file the documents under seal in compliance with Central District *Local Rule* 79-5.1. Prior to so doing, a party may contact the other side and request that the other side grant permission to file the material publicly. If the other side provides permission in writing, the formerly Confidential Material need not be filed under seal.

/ / /

/ / /

9. In the event that any Confidential Material is used in any court proceeding in this action, the party using such shall take all reasonable steps to maintain its confidentiality in accordance with applicable laws and the governing rules and procedures of the Court.  Any party attempting to file Confidential Materials with the Court for any purpose shall seek leave of Court to file the Confidential Materials under seal, in accordance with Local Rule 79-5.1 and all other applicable Rules.

10. This Order shall be without prejudice to the right of a party (i) to bring before the Court at any time the question of whether any particular document or material is confidential or whether its use should be restricted, provided however, that such document or material shall remain confidential and its use restricted, as provided for herein, until such time as the court has ruled on the question presented, or (ii) to present a motion to the Court under Federal Rule of Civil Procedure 26(c) for a separate protective order as to any particular document, material, or information, including restrictions differing from those specified herein.  This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

11. A party opposing the designation of any document or other material as Confidential Material may challenge that designation by serving a written objection, including a statement of the grounds for the objection, on the designating party.  The designating party will have 14 Court days following the receipt of the objection to explain in writing the reasons for the designation of the identified document or other material.  If the designating party fails to respond to the written objection within the allotted time, the designation as Confidential Material is deemed withdrawn for any document or other material identified in the written objection.

/ / /

12. If the disclosing party persists in designating the document or other material in question as Confidential Material, the objecting party may move the Court for an order removing or replacing the "Confidential" designation. Any such motion shall comply with the procedures set forth in Local Rules 37-1 and 37-2. On such a motion, it shall be the burden of the designating party to prove that the material or information was properly designated. If an objecting party does not make a timely motion, such objection is deemed withdrawn. Until a ruling from the Court, disputed items shall remain designated as Confidential Material and afforded all protections set forth in this Order.

13. This Order is entered solely for the purpose of facilitating the exchange of documents, material, and information between the parties to this action without involving the Court unnecessarily in the process. Neither this Order, nor the production of any document, material, or information, shall be deemed to have the effect of an admission or waiver by either party, or of altering the confidentiality or non-confidentiality of any such document, material, or information, or altering any existing obligation of any party or the absence thereof. Nor does anything in this Order allow the designation of Confidential to be applied to documents that are publicly available.

14. This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use or disclosure of information disclosed in this action and designated as Confidential Material under this Order. Upon termination of this case, counsel for the parties shall assemble and return to each other all documents, material and deposition transcripts designated as Confidential and all copies of same, or shall certify the destruction thereof.

/ / /

15. Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena or other process or order issued in another action. In the event any person or entity having received Confidential Material under this Order receives a subpoena or other process or order to produce such information, the subpoenaed person or entity shall, within three (3) court days notify in writing the attorneys of record of the disclosing party and shall furnish those attorneys with a copy of said subpoena or other process or order. The person or entity receiving the subpoena or other process or order shall be entitled to comply with it within a reasonable time except to the extent it is modified or quashed.

16. Should any person or entity inadvertently produce after a reasonable review material eligible for designation under this Order as Confidential Information, it may redesignate the material as Confidential Information upon written notice to the party in receipt of the undesignated material within ten (10) days of the discovery of the inadvertent production. Any material eligible for designation under this Order as Confidential Information that was produced prior to the approval of this Order by the Court may be redesignated as Confidential Information upon written notice to the party in receipt of the undesignated material within ten (10) days of the approval of this Order by the Court. Once properly redesignated, the Confidential Material shall thereafter be treated as if it had originally been designated as Confidential Material. Following any redesignation of material, the party receiving such material shall take reasonable steps to comply with the redesignation including, without limitation, retrieving all copies of, excerpts of, and notes related to any redesignated material from persons not entitled to receive Confidential Material under this Order.

17. If Confidential Material is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the

attention of the designating party, and without prejudice to the rights and remedies of the designating party, make every effort to retrieve the improperly disclosed material and to prevent further unauthorized disclosure on its own part or on the part of the recipient of such information or material.

18. Nothing in this Order shall be construed as requiring disclosure of privileged materials, material subject to protection under the attorney work product doctrine, or materials which are otherwise beyond the scope of permissible discovery.

19. Nothing in this Order shall be construed as a waiver by a party of any objections that might be raised as to the admissibility at trial of any evidentiary materials. Nothing in this Order shall apply to evidence presented at trial or any other court proceeding. Any request for protection for such evidence must be made to the judicial officer presiding of the proceeding.

20. This Order may be modified by agreement of the parties, subject to approval by the Court, without prejudice to the rights of any party to move for relief from any of its provisions. No modification shall take effect unless and until approved by the Court. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

21. Without separate court order, this Order does not change, amend, or circumvent any court rule or local rule.

Date: 2/5/2016

Hon. Andrew J. Wistrich
United States Magistrate Judge