COLLINSON LAW
A Professional Corporation
Laura E. Inlow, State Bar No. 130584
    E-mail: inlow@collinsonlaw.net
Matthew W. McAleer, State Bar No. 278595
    E-mail: matt@collinsonlaw.net
21515 Hawthorne Blvd., Suite 800
Torrance, California 90503
Telephone: (424) 212-7777
Facsimile: (424) 212-7757
Attorneys for Defendant, MARCELLA WINN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, CENTRAL DIVISION

| | |
|---|---|
| SUSAN MELLEN, JULIE CARROLL, JESSICA CURCIO AND DONALD BESCH,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES; MARCELLA WINN; RICHARD HOFFMAN; AND DOES 1-10 INCLUSIVE<br><br>Defendants. | Case No. CV15-03006 GW (AJWx)<br><br>Hon. George H. Wu<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION FOR ADDITIONAL PAGES FOR SUPPLEMENTAL BRIEF; DECLARATION OF LAURA INLOW**<br><br>Disc. Cut Off Date: February 19, 2016<br>Action Filed: April 22, 2015<br>Trial Date: Vacated |

Defendant MARCELLA WINN hereby submits her opposition to plaintiffs' ex parte application for ten additional pages for supplemental brief further opposing defendant's motion for summary judgment. (Docket Doc. No. 202).

1
DEFENDANT'S OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION FOR ADDITIONAL PAGES FOR SUPPLEMENTAL BRIEF

## I. ADDITIONAL PAGES ARE UNNECESSARY AND ADDITIONAL OR NEW EVIDENCE SHOULD BE STRICKEN

Once again, plaintiffs have waited until the 11th hour to petition the Court for ex parte relief.  In the telephonic hearing of May 19, 2016, the Court requested that plaintiffs provide a supplemental brief of 25 pages which *concisely* set forth plaintiffs' contentions and responded to certain discrete legal issues. Plaintiffs' counsel requested and was granted 5 additional pages in the hearing, for a total of 30 pages. Given the extensive, expanded briefing already submitted by both sides, it is inconceivable that plaintiffs' cannot address the issues requested by the Court in the 30 pages allowed.  Therefore, plaintiffs' ex parte application should be denied.

However, what is more disconcerting to defendant is plaintiffs' intention to also submit to the Court additional evidence along with their supplemental brief. In the meet and confer process about the instant ex parte, plaintiffs' stated their intention to also submit new transcripts which are not currently part of the record. A copy of plaintiffs' email on this issue is attached hereto as Exhibit A. (Decl. Inlow ¶ 3).  Defendant strenuously objects to the submission of any new or additional evidence. The Court did not invite additional evidence and it would be greatly prejudicial to defendant to allow the late submission of new evidence. Moreover, if plaintiffs are intending to submit transcript of interviews taken by HABLIT in 2014, they are wholly irrelevant to the issues currently before the Court. As such, defendant respectfully requests that the Court order plaintiffs not to file new or additional evidence, and if plaintiffs nonetheless submit new

1

evidence, that the Court strike and disregard the same.

## II. **CONCLUSION**

In sum, plaintiffs' request for additional briefing pages and improper attempt to present additional evidence should be denied.

Dated: May 31, 2016                COLLINSON LAW
                                   A Professional Corporation


                                   BY: _____/s/_____
                                   Laura E. Inlow, Esq.
                                   Matthew W. McAleer, Esq.
                                   Attorneys for Defendant,
                                   MARCELLA WINN

## DECLARATION OF LAURA E. INLOW

I, Laura E. Inlow, declare as follows:

1. I am an attorney at law duly licensed to practice before all courts in the State of California as well as the United States District Court for the Central District. I am counsel of record for Defendant Marcella Winn and a partner of Collinson Law, A Professional Corporation.

2. I make this declaration of my own personal knowledge, and if called upon as a witness, I could and would competently testify to the facts contained herein. I make this declaration in opposition to plaintiffs' ex parte (Docket Document No. 202) seeking an additional ten pages for their supplemental brief re the pending motion for summary judgment.

3. A true and correct copy of the email correspondence I had with plaintiffs' counsel regarding the instant ex parte is attached hereto and marked as Exhibit A.

4. Plaintiffs continue to demonstrate an appalling disregard for the Rules of Civil Procedure and have indicated their intention to once again file late and inappropriate evidence. The Court *did not* invite any new or additional evidence. Plaintiffs were specifically requested to address certain issues in the RECORD. Nonetheless, plaintiffs have now indicated an intention to once again submit tardy and new evidence long after the cut-off date pertaining to the pending motion.

5. Defendant would be greatly prejudiced by any new evidence at this late date.

6. Plaintiffs continue to flaunt the rules with the attitude that the deadlines imposed by the Rules of Civil Procedure and the Local Rules do not

3
DEFENDANT'S OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION FOR
ADDITIONAL PAGES FOR SUPPLEMENTAL BRIEF

apply to them. Will there ever be an end to plaintiffs' pleadings and new evidence opposing the motion for summary judgment?  Ms. O'Connor has been entrenched in this matter since 2012. There really is no excuse for all these tardy and improper submissions.

7. Defendant requests that the Court deny the ex parte and wholly disregard any new evidence submitted by plaintiffs.

I declare under penalty of perjury under the laws of the State of California and of the United States of America that the foregoing is true and correct. Executed this 31st day of May 2016, in Torrance, California.

_____/s/_____

LAURA E. INLOW